| | |
|---|---|
| **ANTHONY P. MARIANO,** | : |
| | : |
| **Plaintiff** | :     **CIVIL ACTION NO. 3:13-0097** |
| | : |
| **v.** | : |
| | :     **(JUDGE MANNION)** |
| **BOROUGH OF DICKSON CITY,** | |
| **ANTHONY ZALESKI, *et al.*** | : |
| | : |
| **Defendants** | : |

## M E M O R A N D U M

Pending before the court is defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim. (Doc. No. 17). Defendants' motion to dismiss will be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

The amended complaint, (Doc. No. 11), alleges that plaintiff Anthony P. Mariano was a police officer for the Borough of Dickson City and a member of the police collective bargaining unit ("CBU") beginning in March 2004. On January 22, 2012, plaintiff began to inquire about his rights under the Collective Bargaining Agreement ("CBA") for the Dickson City police officers. (Doc. No. 11, at ¶18). One week later, plaintiff was informed at the direction of defendant Police Chief William Bilinski, III ("Chief Bilinski") that Chief Bilinski was displeased with the inquiries, and that asking further questions would jeopardize plaintiff's job. (Id., at ¶¶19-20).

In February 2012, Chief Bilinski accused plaintiff of improperly making personal use of borough dumpsters, although after plaintiff confronted him,

Chief Bilinski did not file official charges. (Id., at ¶21). Plaintiff wrote to Chief Bilinski that same month, indicating that he felt harassed and improperly singled out by Chief Bilinski, and requested a grievance procedure. Chief Bilinski did not respond. (Id., at ¶22). On April 1, 2012, Chief Bilinski gave plaintiff a letter removing him from the schedule for violating policies and procedures. Plaintiff had not been charged with any disciplinary actions prior to receipt of the letter. (Id., at ¶23). Since he received the letter, plaintiff has not been reinstated onto the work schedule. He alleges that he has effectively been terminated from his job as a police officer in Dickson City. (Id., at ¶26).

In May 2012, plaintiff learned that various public officials, including defendant Dickson City Council President Barbara Mecca ("President Mecca"), Police Officer Chris Tulley ("Officer Tulley")[1], and Chief Bilinski were speaking negatively about plaintiff's character and reputation. Plaintiff alleges that defendants told community members and loss prevention officers at Dickson City retailers that plaintiff had been terminated for conduct unbecoming a police officer, or, alternatively, that he had been fired for cause for failing to act in accordance with police regulations. (Id., at ¶¶27-29, 31). That same month, plaintiff submitted grievances to Chief Bilinski and President Mecca, neither of whom responded to the grievance requests. (Id., at ¶32). Since that time, defendants have continued to speak out negatively

---

[1] Officer Tulley is not a defendant in this matter.

regarding plaintiff's reputation. (Id., at ¶34).

Plaintiff filed an amended complaint, (Doc. No. 11), naming the Borough of Dickson City, Borough Mayor Anthony Zaleski, President Mecca, Chief Bilinski, and council members Stanley Prushinski, Robert Hall, Rose Louryk, Jeff Kovaleski, Michael Fedorka, and Jack Horvath as defendants. He alleges that the injury to his reputation and the lack of process afforded him before his termination were violations of his constitutional right to due process under 42 U.S.C. §1983. (Count I of the complaint). He brings additional state law tort claims for false light (Count II), defamation (Count III), and publicity given to private life (Count IV). Defendants move to dismiss on the grounds that plaintiff failed to exhaust his administrative remedies under the CBA, and that defendants are entitled to immunity from prosecution. Defendants also argue that plaintiff has failed to state any claim on which relief may be granted. (Doc. No. 18).

## II.    STANDARDS OF REVIEW

### Motion to Dismiss Standard

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and

dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged

4

in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

### §1983 Standard

Plaintiff brings his constitutional claim pursuant to 42 U.S.C. §1983. Section 1983 does not itself bestow substantive rights, but instead creates a remedy for violation of a person's constitutional rights. Gonzaga Univ. v. Does, 536 U.S. 273 (2002). The statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

proceeding for redress . . . . 42 U.S.C. §1983.

To establish a claim under §1983, a person must prove that someone deprived him of a constitutional right while acting under the color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. *See Robinson v. City of Pittsburgh*, 120 F.3d 1286 (3d Cir. 1997) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)); *see also Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008). A municipality is a "person" for purposes of §1983. *See Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689 (1978)). But §1983 does not allow municipal liability under a theory of *respondeat superior*. Id. A municipality is not liable under §1983 merely for employing someone who violates a person's civil rights; rather, a municipality that does not directly violate a person's civil rights is liable only where it has in place a policy or custom that led to the violation. Id. The plaintiff bears the burden of identifying the policy or custom. Id. This rule ensures that a municipality will only be liable where it is the "moving force" behind the plaintiff's injury. Id.

## III.    DISCUSSION

### Failure to Exhaust Administrative Remedies

There is no general exhaustion requirement for a claim under 42 U.S.C. §1983. *See* Patsy v. Board of Regents of State of Florida, 457 U.S. 496. However, where a plaintiff, as here, brings a claim for violation of the right to procedural due process, a plaintiff "must have taken advantage of the processes that were available, unless those processes were patently inadequate." Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). Where there is an available grievance process, a plaintiff alleging a procedural due process violation must pursue that process before seeking redress in the courts, unless the grievance process is blocked or there is evidence that it is a sham. Garzella v. Borough of Dunmore, 280 Fed. Appx. 169, 173 (3d Cir. 2008). The failure to exhaust remedies under a CBA is an affirmative defense. *See* Wright v. Universal Maritime Services Corp., 525 U.S. 70, 75 (1998)(referring to failure to exhaust remedies under a CBA as an affirmative defense).

Defendants argue that plaintiff failed to exhaust his administrative remedies under the CBA. Specifically, they argue that submitting grievances to Chief Bilinski and President Mecca, as plaintiff alleges he did, (Doc. No. 11 at ¶¶ 22, 32-33), is insufficient to exhaust his remedies under the CBA. Although they contend that plaintiff's attempts to file grievances were improper and inadequate, defendants do not provide sufficient information to explain to

the court what the proper grievance procedures under the CBA are.[2] Without that information, the court is unable to say whether the grievance procedures were adequate, or whether plaintiff properly followed them. Plaintiff has alleged attempts to comply with grievance procedures. Defendants have failed to demonstrate that plaintiff did not exhaust his administrative remedies by using those procedures. Therefore, at this motion to dismiss stage, the court cannot find that plaintiff failed to exhaust his remedies under the CBA.

### Claims against Defendants in their Official Capacities

Plaintiff has named the non Borough defendants individually and in their official capacities as mayor, chief of police, and borough council members. (Doc. No. 11, at 1). The liability of defendants as individuals is addressed below, but the claims against them in their official capacities "represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-166 (1985)(quoting Monell, 463 U.S. at 690, n.55). Such claims are redundant of the claims against the Borough of Dickson City and may be dismissed by the court. *See* Desi'z

---

[2]Defendants have not provided the court with the CBA. Plaintiff did attach certain pages of the CBA, along with several other exhibits, to his brief in opposition to defendants' motion to dismiss. (Doc. No. 19). Plaintiff also alleges new facts in his brief in opposition. The court has not considered the documents attached to the brief in opposition, nor the newly alleged facts, as "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Heim v. York County Prison, 10-CV-1369, 2013 WL 1414638, at *6, n. 7 (M.D.Pa. 2013).

Pizza, Inc. V. City of Wilkes-Barre, 2006 WL 2460881, at *33 (M.D.Pa. 2006); *see also* Burton v. City of Phila., 121 F.Supp. 2d 810, 812 (E.D.Pa. 2000). Thus, the claims against Chief Bilinski, President Mecca, and council members Prushinski, Hall, Louryk, Kovaleski, Fedorka, and Horvath in their official capacities are **DISMISSED**.

### 14th Amendment Due Process Claim

Defendants argue that plaintiff has failed to state a claim against them for violation of his due process rights, presumptively under the Fourteenth Amendment.[3] The 14th Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, §1. Although it is not entirely clear from the complaint, plaintiff seems to be alleging that he has property interests in his job and in his reputation, and that defendants harmed his interests in his job and reputation without following proper procedures, thus violating his right to due process. This claim appears to be one for violations of procedural due process. (Doc. No. 11 , at ¶ 47; Plaintiff was not "provided notice or an opportunity to be heard before being suspended.") However, out of an abundance of caution, the court will also address whether plaintiff has made out a claim for violation

---

[3] Although plaintiff does not specify which amendment his due process claim falls under, there are no federal actors mentioned in the complaint. The court will therefore construe the claim as brought pursuant to the 14th Amendment.

of substantive due process.

## Substantive Due Process

To the extent that the plaintiff is attempting to assert a substantive due process claim, he must prove that he was deprived of a protected property interest by arbitrary or capricious government action. *See Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 590 (3d Cir.1998). For an interest to implicate substantive due process, it must be "'fundamental' under the United States Constitution. Nicholas. v. Penn. State Univ., 227 F.3d 133, 140 (3d Cir. 2000).

Courts have held that public employment is not a fundamental right entitled to substantive due process protection. Hill, 455 F.3d, at 235, n. 12, *citing* Nicholas, 227 F.3d, at 142. Nor is there a fundamental interest in one's reputation. McCarthy v. Darman, 2009 WL 2928902 at *2 (September 9, 2009 E.D.Pa.) *citing* Hill v. Borough of Kutztown, 455 F.3d 225 at 235 n. 12. (3d Cir. 2006)). Thus, plaintiff does not make out a claim that a right protected by substantive due process has been violated. To the extent plaintiff alleges a substantive due process claim, it fails. Defendants' motion to dismiss is **GRANTED** as to any substantive due process claim.

## Procedural Due Process

The court will address the procedural due process claims regarding plaintiff's reputation and plaintiff's termination from employment separately. "[A] procedural due process analysis involves a two step inquiry: (1) does the

10

complaining party have a protected liberty or property interest and, if so, (2) does the available process comport with all constitutional requirements." *Bowen v. Ryan*, 2006 WL 3437287 (M.D. Pa. Nov. 29, 2006) *aff'd*, 248 Fed. Appx. 302 (3d Cir. 2007); *see also Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000). To have a property interest in a job, "a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." Hill, 455 F.3d at 234 (*citing* Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005)). Whether a legitimate entitlement exists is a question of state law. Hill, 455 F.3d at 234.

The court must first determine whether plaintiff has a protected interest in continued employment. Police officers "under contract are not at-will employees because they cannot be terminated without a showing of just cause and a hearing." Rosiji v. City of Phila., 2012 WL 1646726, at *7 (E.D.Pa. May 9, 2012). 53 Pa.C.S.A. §12638 provides that "no police officer or fireman... shall be removed or discharged, except for cause, upon written charges, and after an opportunity to be heard in his own defense." Courts have found that the "just cause" requirement of that law confers a constitutionally protected entitlement to continued employment for Pennsylvania municipal police officers. Rosiji, 2012 WL 1646726, at *7 (*citing* McDonald v. Pa. State Police, 2009 WL 3241858, at *4 (W.D.Pa. Oct. 2, 2009)).

Here, plaintiff has alleged that he was terminated without cause, and

that Chief Bilinski, the mayor, and council officials terminated him without due process in violation of the CBA. Under the facts set forth in the complaint, it is premature to dismiss plaintiff's procedural due process claim as it relates to his termination from employment as a police officer. Plaintiff has alleged that he has been effectively terminated. It is plausible that plaintiff has a protected property interest, and he has alleged adequately that he was not provided proper due process by the police chief, borough mayor, and borough council before his employment was terminated. The defendants' motion to dismiss plaintiff's procedural due process claim regarding his employment as a police officer is **DENIED**.[4]

As to whether plaintiff has a protected interest in being free from injury to his reputation, "reputation *alone* is not an interest protected by the Due Process Clause." Dee v. Borough of Dunmore, 549 F.3d 225, 233 (3d Cir. 2008). Rather, in order to have a liberty interest in his reputation, "a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest." Hill, 455 F.3d at 236. This is known as the "stigma-plus" test. Id. In the public employment context, the stigma-plus test means that an employer "creates and disseminates a false and defamatory impression about the employee in connection with his termination." Id. (*citing* Codd v. Velger,

---

[4]Defendants make passing mention of "qualified immunity," (Doc. No. 18, at 7), but their briefs solely address qualified immunity from state law tort claims. They fail to address immunity for §1983 claims, and so the court does not address §1983 immunity.

429 U.S. 624, 628 (1977)). The dissemination of a false impression is the "stigma," while the termination from employment is the "plus." Hill, 455 F.3d, at 236. The proper remedy for this type of constitutional violation is a "name-clearing" hearing. Id.

Here, plaintiff has alleged that he was terminated, and that individual defendants were spreading false information about his behavior in connection with that termination. Plaintiff makes specific allegations about Chief Bilinski speaking disparagingly and falsely about him to members of the community regarding the circumstances surrounding his termination, specifically to loss prevention officers working at various Dickson City retailers. (Doc. No. 11, ¶¶ 28, 29). These allegations are sufficient to make out a claim for "stigma-plus" injury to plaintiff's reputation by Chief Bilinski. Thus, defendants' motion is **DENIED** as to the plaintiff's procedural due process claim for injury done to his reputation by Chief Bilinski.

Plaintiff fails, however, to make any specific allegations of personal involvement in disparaging plaintiff's reputation in connection with his termination on the part of other individual defendants. Plaintiff alleges that "councilmen...spoke to members of the community" regarding his conduct as a police officer. Such allegations are too vague, and do not adequately allege personal involvement of the mayor and council members. Accordingly, defendants' motion to dismiss the procedural due process claim regarding injury to plaintiff's reputation is **GRANTED** as to defendants Mayor Zaleski,

President Mecca, Prushinski, Hall, Louryk, Kovaleski, Fedorka, and Horvath. However, the court will grant the plaintiff one final opportunity to amend his complaint to allege personal involvement of the defendants in injuring plaintiff's reputation.

### **False Light, Defamation, and Publicity Given to Private Life Claims**[5]

To make out a claim for publicity given to private life under Pennsylvania law, one must show that publicity has been given to private facts, which would be highly offensive to a reasonable person, and which are not of legitimate concern to the public. Krajewski v. Gusoff, 53 A.3d 793, 806, at n. 4 (Pa. Super. 2012). A claim for false light requires that the false light in which the other was placed would be highly offensive to a reasonable person, and the actor knew or acted with disregard as to the falsity of the publicized matter. Id., at 805-6.

To make out a claim for defamation, a plaintiff must prove: (1) a defamatory communication; (2) publication by defendants; (3) application of the statements to the plaintiff; (4) understanding of the recipient of its defamatory meaning; (5) understanding by recipient that statement applied to

---

[5]Plaintiff purports to seek "all remedies available pursuant to USC §1983" for each of these state law tort claims. Plaintiff has not pleaded that any of these state tort causes of action (Counts II, III, and IV) arise under federal law, and the court treats them simply as state tort law claims arising from the same set of circumstances as his Due Process claims.

plaintiff; (6) special harm to the plaintiff; and (7) abuse of a conditionally privileged occasion. 42 Pa.C.S. §8343(a). The court initially determines whether the statements complained of tends to harm the reputation of plaintiff so as to lower him in the esteem of the community. Maier v. Maretti, 671 A.2d 701, 703 (Pa. Super. 1995). A statement is defamatory if it ascribes to the plaintiff conduct that would affect his fitness for properly carrying out his profession. Id.(*citing* Gordon v. Lancaster Osteopathic Hosp. Assn., 340 A.2d 1364 (Pa. Super. 1985)). A complaint for defamation must, on its face, identify specifically the recipients of the alleged defamatory statements. Woodward v. ViroPharma Inc., 2013 WL 1485110, at *4 (Apr. 3, 2013 Pa. Super.)(*citing* Davis v. Resourced for Human Devel. Inc., 770 A.2d 353, 358 (Pa. Super. 2001)).

Defendants argue that the doctrine of immunity protects the defendants from plaintiff's state law tort claims. (Doc. No. 18, at 6-10). Defendants point to the Pennsylvania Political Subdivision Tort Claims Act ("PPSTCA"), which provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S.A. §8541. The Act enumerates several exceptions for various negligent acts. 42 Pa.C.S.A. §8542. It is well-established that immunity under the PPSTCA applies only to state law tort claims, and not federal civil rights suits under §1983. Burkhart v. Knepper, 310 F.Supp.2d 734, 743 (W.D.Pa. 2004), *citing* Wade v. City of

Pittsburgh, 765 F.2d 405, 407 (3d Cir. 1985). A borough, as a municipal corporation organized under the laws of the Commonwealth, qualifies as a local agency under the PPSTCA. Schor v. North Braddock Borough, 801 F.Supp.2d 369, 382 (W.D.Pa. 2011).

Defendants are correct that here, plaintiff's state law claims for false light, defamation, and publicity given to private life (respectively Counts II, III, and IV of the amended complaint, Doc. No. 11) are not actions which fall into the exceptions from immunity in 42 Pa.C.S.A. §8542. *See* Thompson v. Wagner, 631 F.Supp.2d 664, 688 (W.D.Pa. 2008). The PPSTCA therefore precludes suit on these state law claims against defendant Borough of Dickson City. Defendants' motion to dismiss Counts II, III, and IV of the amended complaint is **GRANTED** as to defendant Borough of Dickson City.

Defendants also argue that the individual defendants are immune from defamation under the common law defense of high public official immunity. High public official immunity predates the PPSTCA and is not abrogated by it. Lindner v. Mollan, 677 A.2d 1194, 1196 (Pa. 1996). "Pennsylvania exempts a high public official from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, provided the statements are made or the actions are taken in the course of the official's duties or powers." Smith v. Borough of Dunmore, 633 F.3d 176, 181 (3d Cir. 2011), *citing* Lindner, 677 A.2d, at 1195. High public official immunity applies to invasion of privacy claims and false light claims,

as well as defamation claims. *See* [Poteat v. Harrisburg Sch. Dist., 33](#) [F.Supp.2d 384, 395 (M.D.Pa. 1999)](#); *see also* [McErlean v. Borough of Darby,](#) [157 F.Supp.2d 441, at 446 (E.D.Pa. 2001)](#).

Whether a public official is entitled to the immunity depends on "the nature of his duties, the importance of his office, and particularly whether or not he has policy-making functions." [Reinhold v. County of York, 2012 WL](#) [4104793, at *24 (August 31, 2012 M.D.Pa.)](#), *citing* [Montgomery v. City of](#) [Phila., 140 A.2d 100, 105 (Pa. 1958)](#). If an official is entitled to the immunity, the court considers the formality of the forum in which the alleged acts occurred, and the "relationship of the legitimate subject of governmental concern to the person seeking damages" to determine whether they were within the scope of defendants' official duties. [Reinhold, 2012 WL 410793](#), at *24, (*citing* [Hall v. Kiger, 795 A.2d 497, 501 (Pa. Commonw. Ct. 2002)](#)).

Borough mayors qualify as high public officials for purposes of immunity, [Lindner, 677 A.2d, at 1198](#), as do borough council members. [Smith, 633 F.3d](#) [at 181, n.7](#), citing [Osiris Enters. v. Borough of Whitehall, 877 A.2d 560, 567](#) [(Pa. Commonw. Ct. 2005)](#). Thus, if the statements complained of in Counts II, III, and IV of the amended complaint occurred while the mayor, council president, and council members were performing official duties, they have high public official immunity from those claims.

Plaintiff alleges that the mayor and council member defendants' statements regarding his fitness for police work were made "at a council

meeting," (Doc. No. 11, at ¶54), and "outside of council meetings." (Id. at ¶ 31). Courts have held that high public officials are immune for statements made during council meetings. Greene v. Street, 2011 WL 208382 at *8 (January 20, 2011, E.D.Pa.), *citing* Lindner, 677 A.2d. at 1199. Thus, defendants here are immune from suit regarding any such statements. As to statements allegedly made "outside of council meetings," they are entitled to immunity, as they are regarding the job performance of a police officer, which is a matter of public importance and safety. *See* McErlean,157 F.Supp. 2d, at 447 (finding that statements made about alleged misfeasance of borough employees were within scope of mayor and council members' duties). Even if those statements were not made within the scope of the duties of defendants, however, the allegations made by plaintiff regarding out-of-meeting statements are impermissibly vague. Plaintiff fails to adequately allege personal involvement by the individual council members and mayor. He does not indicate the specific content of the allegedly defamatory statements, which particular defendants are alleged to have made them, or when, where, or to whom they were made. These cursory allegations are insufficient to sustain claims for false light, defamation, and publicity given to private life. Thus, defendants' motion to dismiss Counts II, III, and IV will be **GRANTED** as to defendants Zaleski, Mecca, Prushinski, Hall, Louryk, Kovaleski, Fedorka, and Horvath.

The status of a police chief for high public official immunity purposes  is

less clear. Some courts have held that police chiefs are "high public officials," while another has reserved its judgment on the matter. *See* Cotner v. Yoxheimer, 2008 WL 2680872, at \*14 (July 2, 2008 M.D. Pa.); Ammlung v. City of Chester, 53 Pa. D.&C. 169, 172 (Ct.Com.Pl. 1971); *but see* Webb v. Bristol Borough, 2012 WL 3024761, at \*3 (July 24, 2012 E.D. Pa)(finding that whether a police chief is a high public official depends on whether the position entails policy-making, a determination which the judiciary should make on a case-by-case basis). Discovery is necessary to make this case-specific determination, Id. (*citing* Lindner, 677 A.2d. at 1198), where, as here, the role of Chief Bilinski in making borough policy is not clear. The court is thus unable to say that Chief Bilinski is entitled to high public official immunity for Counts II, III, and IV of the complaint.

Defendants also allege that Chief Bilinski is entitled to immunity under the PPSTCA, which extends to municipal officers acting in their official capacities. Holloway v. Brechtse, 279 F.Supp.2d 613, 615 (E.D.Pa. 2003); 42 Pa.C.S.A.§8546. Officers are not immune if "their conduct amounts to actual fraud, crime, actual malice or willful misconduct." Sameric Corp. of Delaware, Inc. v. City of Phila., 142 F.3d 582 (3d Cir. 1998); 42 Pa.C.S.A. §8550. Willful misconduct "is more than mere negligence or even gross negligence." Vicky M. v. Northeast. Educ.Intermediate Unit 19, 486 F.Supp.2d 437, 460 (M.D. Pa. 2007). For purposes of the PPSTCA, willful misconduct is synonymous with "intentional tort." Id. One acting with willful misconduct "desired to bring about

the result that followed," or was at least aware that it "was substantially certain to ensue." Id., citing Evans v. Phila. Transp. Co., 212 A.2d 440,443 (1965).

Defamation is an intentional tort under Pennsylvania law. *See* Feingold v. Hendrzak, 15 A.3d 937, 942 (Pa.Super. 2011); *see also* Remick v. Manfredy, 238 F.3d 248, 258 (3d Cir. 2001). False light and publicity given to private life are species of invasion of privacy claims. Krajewski v. Gusoff, 53 A.3d 793, 805 (Pa.Super. 2012). Invasion of privacy is an intentional tort. *See* Young v. Bethlehem Area Vo-Tech Sch., 2007 WL 674617 at \*11 (February 28, 2007 E.D. Pa).

Plaintiff alleges that Chief Bilinski "caused to be published" in front of employees of the borough and the public that he was unfit for work as a police officer. (Id., at ¶55). Chief Bilinski is alleged to have directed Officer Tully to speak falsely about plaintiff in the community. (Id., at ¶ 28). Plaintiff also alleges that the statements made were false, (Id., at ¶56), that Bilinski knew they were false, that they were made maliciously with the intent to harm him, (Id., at ¶¶59, 63), and that he was, in fact, harmed both in his reputation and his ability to find employment as a police officer. (Id., at ¶¶57-58, 60-62). These allegations constitute claims for "willful misconduct" in committing intentional torts such that Chief Bilinski is not entitled to immunity under the PPSTCA on the Counts II, III, and IV.

Plaintiff has failed, however, to adequately state a claim for publicity given to private life, as plaintiff's performance as a police officer is a matter of

20

public concern. The motion to dismiss Count IV of the complaint is therefore **GRANTED** as to Chief Bilinski. Plaintiff has adequately alleged that Chief Bilinski knowingly made and directed others to make statements placing plaintiff in a false light, and that he knew that the statements would cause plaintiff to feel "seriously offended and aggrieved." *See* Krajewski, 53 A.3d, at 807)(*citing* Restatement (Second) Torts §652E). Defendants' motion to dismiss Count II of the complaint as to Chief Bilinski is **DENIED**. Plaintiff's allegations regarding statements made by Chief Bilinski are not sufficient to allow his defamation claim to go forward at this stage. He has failed to allege with requisite specificity the identities of the loss prevention officers and others to whom his alleged statements were made. Defendants' motion to dismiss Count III of the complaint is **GRANTED** as to Chief Bilinski. Plaintiff will be allowed an opportunity to amend his complaint regarding the defamation claim.

## IV.    Conclusion

Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.** The claims against defendants in their official capacities are **DISMISSED.** Any claims for violations of substantive due process are **DISMISSED.** Plaintiff's claim for violations of procedural due process in injuring his reputation are **DISMISSED** as to President Mecca, Zaleski, Prushinski, Hall, Louryk, Kovaleski, Fedorka, and Horvath. Plaintiff may

amend his complaint on this the issue of violation of due process as to reputational injury **WITHIN 14 DAYS**. Counts II, III, and IV of the amended complaint are **DISMISSED** as to defendants Borough of Dickson City, President Mecca, Zaleski, Prushinski, Hall, Louryk, Kovaleski, Fedorka, and Horvath. Counts III and IV are also **DISMISSED** as to Chief Bilinski. Plaintiff may amend his complaint regarding Count III **WITHIN 14 DAYS**. Plaintiff's claim for violation of procedural due process in terminating plaintiff's job remains as to all defendants. His claim for violation of procedural due process in injuring his reputation remains as to Chief Bilinski and the Borough of Dickson City. Count II of the amended complaint remains as to Chief Bilinski. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 2, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-0097-01.wpd